IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN HONDA MOTOR CO., INC., | |
| Plaintiff, | No. C 06-04752 JSW |
| v. | **NOTICE OF QUESTIONS FOR HEARING** |
| THE COAST DISTRIBUTION SYSTEM, INC., | |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 5, 2007:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The parties shall not file written responses to the questions posed in this notice.

The parties each shall have ten (10) minutes to address the following questions:

1. Are there any claims or claim terms that overlap as between the patents that Honda has affirmatively asserted against Coast and the '769 and '273 Patents?

    a. If not, why should the Court not exercise its discretion to decline to accept jurisdiction over the declaratory judgment claims on those patents?

    b. Is the Court correct in understanding that none of the patents are parent/child patents?

2. Which of Coast's products does Honda consider to be the accused products?

3. Can Honda represent to the Court that it does not intend to sue Coast with respect to the '769 and '273 Patents?

4. What is Coast's response to Honda's assertion that it cannot demonstrate that there is a reasonable apprehension of an *imminent* law suit on the '769 and '273 Patents. *See, e.g., Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc.,* 395 F.3d 1324, 1333-34 (Fed. Cir. 2005) (noting that declaratory relief plaintiff "virtually concede[d] that Pfizer will not bring immediate suit for infringement" of the patent in suit); *O'Hagins, Inc. v. M5 Steel Mfg., Inc.*, 276 F. Supp. 2d 1020 (N.D. Cal. 2003) (dismissing counterclaims without prejudice for lack of imminence, although noting that patentee had never raised possibility of infringement with respect to patents on which plaintiff sought declaratory relief).

5. If the Court denies the motion and decides to exercise its discretion to accept jurisdiction, is either party going to seek a stay in favor of the ITC investigation?

6. Are there any other issues the parties wish to address?

Dated: January 3, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2