IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN HONDA MOTOR CO., INC., | |
| Plaintiff, | No. C 06-04752 JSW |
| v. | **ORDER RE JOINT CLAIM CONSTRUCTION STATEMENT** |
| THE COAST DISTRIBUTION SYSTEM, INC., | |
| Defendant. | |

The Court has received the parties' Joint Claim Construction Statement, in which they state that despite meeting and conferring, they have been unable to agree on 23 terms and wish to present all 23 terms for construction. The parties also state that they do not require a prehearing conference, to which this Court can only reply, in pop culture parlance, "seriously."

Pursuant to this Court's Standing Order for Patent Cases, "the Court will construe no more than ten terms. If more than ten terms are at issue, the parties shall meet and confer before the preparation of the joint claim construction statement on narrowing the selection of terms to be construed by the Court and shall jointly propose the ten terms requiring construction." (Standing Order re Patent Cases ¶ 4.) That Standing Order further provides that:

> If a party genuinely believes that it will require that more than ten terms be construed, that party may request leave to designate additional terms for construction, pursuant to Civil Local Rule 7-11.... The requesting party must demonstrate good cause and explain why other methods of limiting the claims at issue (such as the selection of representative claims or any grouping of claims by issues presented) would be ineffective. **The request must be filed no later than two weeks before the deadline for filing the joint claim construction statement.** If good cause is shown, the Court will either agree to construe all terms or schedule a second claim construction proceeding on the excess terms. **If more than ten terms are**

**submitted for construction without leave of court, the Court will construe the first ten terms listed in the joint claim construction statement and sanctions may be imposed.**

(*Id.* ¶ 5 (emphasis added).)

The parties have not complied with the Court's Standing Order regarding the submission of additional terms, and the opening briefs are due on August 27, 2007 and they have failed to attach the patents in suit to their Joint Claim Construction Statement, as required by the Court's Standing Order ¶ 2.

Accordingly, the Court shall construe only the first ten terms submitted, unless the parties submit a request demonstrating good cause as to why all 23 terms must be construed to this Court by July 20, 2007. The parties are FURTHER ORDERED to show cause in writing by July 20, 2007 why sanctions should not be imposed for failing to comply with this Court's Standing Order re Patent Cases.

The parties are FURTHER ORDERED to appear for a status conference on August 3, 2007 at 1:30 p.m. to discuss the manner in which claim construction shall proceed.

**IT IS SO ORDERED.**

Dated: July 11, 2007

                                                     /s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2