UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN HONDA MOTOR CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> THE COAST DISTRIBUTION SYSTEM, INC., <br><br> Defendant. | Case No. 06-04752 JSW <br><br> [~~PROPOSED~~] ORDER (1) ENTERING CONSENT JUDGMENT and (2) PERMANENT INJUNCTION <br><br> Judge:  Hon. Jeffrey S. White |

### [~~PROPOSED~~] ORDER

Pursuant to Stipulation and Fed.R.Civ.P. 58 and 65,

1. This Court has jurisdiction over American Honda and Coast, as well as over the subject matter of this patent infringement action.

2. Venue is proper in this Court.

3. Coast does not dispute that American Honda has standing to bring this action.

4. Coast has acknowledged and admitted, for the purposes of this litigation, that U.S. Patent Nos. 5,706,769, 5,857,441, 6,250,273, 6,378,468, and 6,439,215 are valid and enforceable.

5. Coast has acknowledged and admitted that the importation into the United States, and sales within the United States after importation of products identified by one or more of the following model numbers: KG55, KG55P, KG105, and KG171 for engines, KGP15HP for water pumps containing the KG55P engines, and KGE1000Ti, KGE1000Tsi, KGE1300Tc, KGE1300Tsc, KGE2000Ti, KGE2000Tsi, KGE2000Tc, KGE2000Tsc, KGE3000Ti, KGE3000Tc, KGE3000Thc, and KGE3000Thi for generators containing the KG55, KG105, or KG171 engines, infringed claims of U.S. Patents Nos. 5,706,769, 5,857,441, 6,250,273, 6,378,468, and 6,439,215.

6. Final Judgment is therefore entered in favor of American Honda and against Coast. All claims and counterclaims are dismissed with prejudice. Coast has acknowledged and agreed that the Final Judgment is binding upon and constitutes *res judicata* between the parties. Coast further waived all right to appeal from this Final Judgment. American Honda waived all right to recover damages against Coast or Coast's customers for infringement of the Patents-In-Suit which occurred prior to the effective date of the permanent injunction, except as may be set forth in the Parties' Settlement Agreement.

7. Each Party shall bear its own costs and attorney's fees.

8. Coast along with its directors, officers, employees, successors, and assigns, are permanently restrained, enjoined and prohibited from further infringement of the Patents-In-Suit, including manufacturing, using, selling for importation into the United States, importing into the United States, selling or offering for sale after importation into the United States, or knowingly aiding, abetting, encouraging, participating in, or inducing, the sale for importation into the United States, or sale or offer for sale after importation into the United States of, Old Products as defined herein, for the duration of time that any of U.S. Patent Nos. 5,706,769, 5,857,441, 6,250,273, 6,378,468, and 6,439,215 remain in force and in effect. "Old Products" as used in this document shall mean: (1) any products imported into the United States, sold for importation into the United States, and/or sold within the United States after importation identified by one or more of the following model numbers: KG55, KG55P, KG105, and KG171 for engines, KGP15HP for water pumps containing the KG55P engines, and KGE1000Ti, KGE1000Tsi, KGE1300Tc, KGE1300Tsc, KGE2000Ti, KGE2000Tsi, KGE2000Tc, KGE2000Tsc, KGE3000Ti, KGE3000Tc, KGE3000Thc, and KGE3000Thi for generators containing the KG55, KG105, or KG171 engines; (2) products having the structures shown in drawings and photographs that are attached as Exhibit A to this document; and (3) products or components thereof having only minor variations from the products and components thereof defined in sections (1) and (2) of this paragraph, and that directly or indirectly infringe any claim of any of the Patents-In-Suit, either

- 2 -

literally or under the doctrine of equivalents, regardless of the model number or other product identifier attached to such products or components thereof.

9. Coast shall be permitted to directly or indirectly import into the United States, sell for importation into the United States, or sell within the United States after importation, New Products as defined herein, and shall be permitted to service and repair New Products in the United States, subject to any finding of infringement of any other patents not included in this action. "New Products" as used in this document shall mean: (1) products sold for importation into the United States and/or sold within the United States after importation that are identified by one or more of the following model numbers: KG144, KG158, KG166, KG200, KG205, KG390, KM186, IG1000, IG1000s, CG1000, IG2000, IG2000s, IG2000p, KGE2400X, CG2000, IG2600, IG2600h, CG2600, CG2600h, IG3000/KGE generator models with a KG205 engine (such as the KGE3500Ti), IG3000e, IG6000/KGE6000Ti, KDE5000E, KDE5000TA, KGE5500E, and IG6000h/KGE6000Thi; (2) products having the structures shown in the drawings and photographs attached as Exhibit B to this document; and (3) products or components thereof having only minor variations from the products and components thereof defined in sections (1) and (2) of this paragraph, and that do not directly or indirectly infringe any claim of any of the Patents-In-Suit, either literally or under the doctrine of equivalents, regardless of the model number or other product identifier attached to such products or components thereof.

10. Coast along with its directors, officers, employees, successors, and assigns, are permanently restrained, enjoined and prohibited from repair, service or replacement of the cylinder block, cylinder head, crankcase, crankshaft, rocker arm, or cam followers of Old Products, but Coast shall be permitted to perform normal maintenance on Old Products. Notwithstanding the above, Coast shall be permitted to replace entire engines in Old Products with entire engines from New Products or with any other non-infringing engine. It also will be permissible for those who purchased Old Products prior to entry of this Order to use the Old Products.

11. Coast is enjoined from contesting the validity or enforceability of U.S. Patents Nos. 5,706,769, 5,857,441, 6,250,273, 6,378,468, and 6,439,215 in any action seeking to enforce the consent judgment and permanent injunction in this case.

12. The permanent injunction shall be effective upon entry of the Order by this Court. The Exhibits referred to in this Order are manually filed at Docket Nos. 136 and 137. The Clerk is HEREBY ORDERED to close the file.

**IT IS SO ORDERED**

Dated: July 17, 2009                   _____
                                      JEFFREY S. WHITE
                                      UNITED STATES DISTRICT JUDGE

SVI-70589v1

[PROPOSED] ORDER (1) ENTERING CONSENT JUDGMENT
AND (2) PERMANENT INJUNCTION
- 4 -    **Case No. 06-04752 JSW**